**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

CHARLES G. SINGLETARY, #09771-007,

       Petitioner,

v.                                                                                                                 ACTION NO.
                                                                                                              2:04cv623

STEVEN M. DEWALT,

       Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

       This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2241. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

**I. STATEMENT OF THE CASE**

**A. Background**

       In 1981 and 1982, petitioner Charles G. Singletary ("Singletary") was convicted in the District of Columbia Superior Court of robbery, armed kidnapping, and two counts of assault with a deadly weapon. His total aggregated stentence was 27 years imprisonment. He was first released on parole on June 1, 1990, with a sentence expiration date of February 23, 2009.

       On May 11, 1993, Singletary's parole officer notified the D.C. Board of Parole ("the Board")

that he had violated the conditions of his release when he was arrested in the District of Columbia for, among other reasons, assault with a deadly weapon. The Board issued a violation warrant for Singletary's arrest and lodged it as a detainer. However, after reviewing Singletary's case, the Board decided to reinstate him to parole supervision.

On May 30, 1996, Singletary's parole officer informed the Board that he had been arrested and charged with first-degree murder, but released from custody after a grand jury dismissed the case against him. Despite this, the parole officer recommended that the Board issue a violator warrant for Singletary, and the Board followed the recommendation.

Singletary appeared before the Board on July 30, 1996 for a parole revocation hearing. The Board heard testimony and took evidence for Singletary's case as well as his co-defendant in the murder, Gary Barnes. See Barnes v. District of Columbia. Bd. of Parole, 759 A.2d 1073 (D.C. 2000). The evidence presented showed Singletary was a co-conspirator in the murder of a victim who was lured to an apartment building and stabbed 51 times. Based on the information presented at the hearing, the Board found Singletary "was a danger to society" and "needed to be removed from the street." The Board revoked Singletary's parole and ordered that he be released on his mandatory release date, February 13, 2009.

Singletary filed a petition for writ of habeas corpus in the Superior Court for the District of Columbia challenging the Board's revocation decision. The petition was denied on October 15, 1997, and the decision was affirmed by the D.C. Court of Appeals on July 28, 1998.

On August 5, 1998, Singletary's case was transferred to the United States Parole Commission ("the Commission") pursuant to the National Capital Revitalization and Self-Government

Improvement Act of 1997.[1] Upon transfer of the case, the Commission requested additional information regarding Singletary's involvement in the murder from the U.S. Attorney's office, and conducted an on-the-record review of Singletary's case. Following the review, the Commission ordered no change in the Board's decision ordering Singletary to be released on his mandatory release date.

On March 20, 2000, Singletary filed another habeas corpus action in the D. C. Superior Court alleging the prosecutor and detective who testified at his revocation hearing did so vindictively. The D. C. Superior Court denied the claims, and the D. C. Court of Appeals affirmed the decision on October 15, 2001.

On May 19, 2003, the Public Defender Service for the District of Columbia contacted the Commission, requesting that Singletary receive an in-person hearing, which the Commission granted. On June 25, 2003, Singletary appeared before a Commission examiner for his hearing, where the Commission reconsidered his release prior to his mandatory date. The hearing examiner applied the Commission's reparole guidelines, found at 28 C.F.R. § 2.81, and recommended changing the previous decision to allow Singletary's release after serving 120 months. The hearing examiner took into account that Singletary is now blind. The Commission's Executive Hearing Examiner disagreed with the recommendation, and instead recommended release after 132 months. On July 29, 2003, the Commission continued Singletary to reparole after 132 months, on July 17, 2007.

---

[1] The U.S. Parole Commission assumed responsibility for making parole release determinations for all eligible D.C. Code offenders. See National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (codified at D.C. Code § 24-131(a)(1)).

During the Commission's consideration of his case, Singletary had been litigating a habeas action in the U.S. District Court for the District of Columbia (Civ. Action No. 00-1263 (RBW)) regarding the constitutionality of his revocation hearing and the sufficiency of the evidence to revoke his parole. The petition was denied in December of 2003, with the Court finding the evidence presented before the D.C. Board of Parole "was more than adequate to establish by a preponderance of the evidence that the petitioner violated his parole."

Singletary, presently in federal custody at Petersburg F.C.I. in Petersburg, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on October 21, 2004. On December 27, 2004, respondent filed a Rule 5 Answer and Motion to Dismiss, or in the alternative, Motion for Summary Judgment. Singletary filed a response on January 10, 2005.

### B. Grounds Alleged

Singletary asserts that the following entitle him to relief under 28 U.S.C. § 2241:

(a) he was denied due process when the D.C. Board of Parole revoked his parole in 1996 for a crime he did not commit; and,

(b) the D.C. Board of Parole's decision to incarcerate him for 13 years for a crime he did not commit constitutes cruel and unusual punishment in violation of the Eighth Amendment.

### II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The claims asserted in this federal habeas corpus petition have already been asserted in, and adjudicated by, the U.S. District Court for the District of Columbia. Therefore, this petition is a successive petition pursuant to 28 U.S.C. §2244(a).

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28

U.S.C. §2244 provides:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.[2]
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Singletary filed a habeas petition in the District Court for the District of Columbia asserting the same

---

[2] Section 2255 addresses motions to attack the imposition of a sentence as unconstitutional, and does not apply to Singletary's petiiton.

claims asserted in the present petition. The question becomes whether § 2244(a) of the AEDPA applies to petitions filed pursuant to § 2241.

Several circuits have discussed the application of § 2244 to § 2241 petitions following the AEDPA amendments. Some have decided the gate-keeping provisions of § 2244(b), which require appellate approval prior to filing a second or successive §2254 habeas petition, do not apply to habeas petitions brought pursuant to § 2241. See Zayas v. INS, 311 F.3d 247, 255 (3d Cir.2002); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir.2000); Valona v. U.S., 138 F.3d 693, 694-95 (7th Cir.1998).

These courts provide different, though not necessarily inconsistent, opinions on the extent to which § 2244(a) applies to second or successive § 2241 petitions. The Seventh Circuit indicated second or successive § 2241 petitions can proceed despite § 2244(a), as long as the petitions are directed to new issues. Valona v. U.S., 138 F.3d at 695. The Ninth Circuit held that while § 2244(a) may apply to bar successive provisions brought by federal prisoners, it does not bar petitions brought by INS detainees, because the provision only applies to challenges to detention "pursuant to a judgment of a court of the United States." Barapind v. Reno, 225 F.3d at 1111. The Ninth Circuit counseled the "abuse of the writ" doctrine set forth in McCleskey v. Zant, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), is the appropriate rule to determine whether such a petition should be dismissed as successive. Id. Similarly, the Third Circuit, relying on Barapind, held the "abuse of the writ" doctrine governs whether a second or successive § 2241 petition should be dismissed. Zayas v. INS, 311 F.3d at 256. The Third Circuit does not differentiate between § 2241 petitions filed by INS detainees as opposed to federal prisoners. However, the Zayas case did concern an INS detainee seeking relief from deportation. Id. at 251.

The Second Circuit has applied § 2244(a) to dismiss a second or successive § 2241 petition which sought to relitigate a federal prisoner's claim which had been asserted and denied in a previous § 2241 petition. Chambers v. U.S., 106 F.3d 472, 475 (2d Cir. 1997); see also Simon v. U.S., 359 F.3d 139, 143 n. 7 (2d Cir. 2004) (discussing Chambers). Similarly, prior to the 1996 amendment, several circuit courts addressed the issue of successive habeas petitions brought pursuant to §2241. These circuits held that where a petitioner had filed a §2241 petition which was dismissed on the merits, §2244(a) barred a second §2241 habeas petition. See George v. Perrill, 62 F.3d 333 (10th Cir. 1995); Glumb v. Honsted, 891 F.2d 872 (11th Cir. 1990); Poyner v. U.S. Parole Com'n., 878 F.2d 275, 277 (9th Cir. 1989); Sacco v. U.S. Parole Com'n., 639 F.2d 441 (8th Cir. 1981). The 1996 AEDPA amendments do not alter the reasoning of these circuits in applying §2244(a) to bar a successive §2241 habeas petition.

The Eastern District of Virginia, Alexandria Division, has held that §2244, as amended by the AEDPA, does not bar a successive §2241 petition. Zakiya v. Reno, 52 F. Supp.2d 629, 634 (E.D.Va. 1999). Zakiya's previous habeas petitions had not addressed the claims presented in the successive petition, whether the Bureau of Prisons could detain Zakiya past the release date ordered by the sentencing court or whether Zakiya could be held past the statutory maximum sentence for the offenses for which he was convicted. Id. at 632. In support of its decision to allow the second §2241 petition in Zakiya, the court stated that the ends of justice required consideration of the merits because no other court had considered the merits. Id. at 634 fn. 8. The opinion does not differentiate between § 2244(a) and § 2244(b).

In Singletary's case, the U.S. District Court for the District of Columbia has already ruled on the same claims he now presents in the habeas petition before this court. Unlike in Zakiya, a court

7

has addressed Singletary's claims on the merits, and denied them. This Court is persuaded that the successive petition doctrine of §2244(a) does bar a §2241 petition alleging the same grounds as were denied by a prior §2241 petition. As opposed to the language used in § 2244(b) which specifically refers to a "second or successive habeas corpus application under § 2254," § 2244(a) is not limited to any specific habeas statute.

Therefore, this Court recommends denial of Singletary's request for habeas corpus relief because his petition to this Court is a successive application for a writ of habeas corpus barred by § 2244(a).

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Singletary's petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss should be GRANTED. Singletary's petition is a successive application for a writ of habeas corpus, barred by 28 U.S.C. § 2244(a).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten

(10) days after being served with a copy thereof.

    2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

    The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984), <u>cert. denied</u>, 474 U.S. 1019 (1985); <u>U.S. v. Schronce</u>, 727 F.2d 91 (4th Cir.), <u>cert. denied</u>, 467 U.S. 1208 (1984).

                                                            /s/
                                        Tommy E. Miller
                                United States Magistrate Judge

Norfolk, Virginia

April 5, 2005

**CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Charles G. Singletary, #09771-007
Petersburg F.C.I. Medium
P.O. Box 90043
Petersburg, VA 23804


George M. Kelley, III, Esq.
United States Attorney's Office
101 W. Main Street
Suite 8000
Norfolk, VA 23510

                                              Elizabeth H. Paret, Clerk


                               By _____
                                           Deputy Clerk

                                           April      , 2005